8553

MITCHELL v. JONES, COMPTROLLER

1. OFFICES.—A SUPERVISOR OF REGISTRATION appointed by the Governor while the Senate is not in session is entitled to the office, after confirmation by the Senate for two years after appointment, or until refusal of the Senate to confirm.
2. IBID.—IBID.—TWO OFFICES.—One so appointed to the office of supervisor of registration forfeits it by accepting the position of commissioner of election, and one so appointed while holding the office of trustee of a public school district thereby forfeits the position of trustee.
3. IBID.—SALARY.—Right to compensation follows title to office.

Proceeding in the original jurisdiction in the nature of *quo warranto* by R. H. Mitchell, W. J. Jones and A. J. Harris, as members of the board of supervisors of registration of Cherokee county, against A. W. Jones as comptroller general, W. L. Settlemeyer, R. L. Hoke and O. R. Hancock.

*Mr. W. S. Hall,* for relator.

*Attorney General Peeples,* contra.

May 26, 1913.  The opinion of the Court was delivered by

MR. JUSTICE FRASER.  This is a proceeding in the original jurisdiction of this Court.  The following is an agreed statement of facts submitted in open Court.  The statement is not signed by either side, but that is not necessary where the paper is submitted in open Court.

"In order to facilitate the trial of the foregoing case, the attorneys representing the plaintiffs and the defendants agree upon the following statement of facts:

1. "That on February 16, 1910, Governor Martin F. Ansel appointed the plaintiffs, J. A. Harris, R. H. Mitchell

and W. I. Jones, as members of the board of supervisors of registration for Cherokee county, S. C.

2. "That on February 19, 1910, the Governor transmitted the names of the plaintiffs to the Senate for action upon his appointment; and that on the same day the Senate, being then in executive session, confirmed the said appointments.

3. "That on the 19th day of February, 1910, a commission was issued to R. H. Mitchell as supervisor of registration for Cherokee county, signed by Governor M. F. Ansel and by R. M. McCown, Secretary of State, said commission being under the great seal of the State of S. C.; that on the 24th day of February, 1910, commissions were issued to W. I. Jones and J. A. Harris as supervisors of registration for Cherokee county under the signature of M. F. Ansel, Governor, R. M. McCown, Secretary of State, and under the great seal of the State of S. C., for the term prescribed by law.

4. "That by virtue of said appointment and commission R. H. Mitchell, W. I. Jones and J. A. Harris took possession of the office of supervisors of registration for Cherokee county, together with all books and properties belonging to the office and continued in said office and discharged the duties thereof up to and including the 14th day of March, 1912.

5. "That on February 15, 1912, the Senate, then being in session, the Senator from Cherokee county recommended to Governor Cole. L. Blease the names of R. H. Mitchell, J. A. Harris and W. I. Jones for appointment as supervisors of registration for Cherokee county, and that the Governor failed and refused to appoint the said parties and made no appointment to that office during the session of the General Assembly for 1912.

6. "That the General Assembly for the State of South Carolina adjourned *sine die* on February 29, 1912.

7. "That on March 12, 1912, the Governor appointed the defendants, W. L. Settlemeyer, B. L. Hoke and O. D. Han-

cock, supervisors of registration for Cherokee county, and commissions were issued to them signed by the Governor, the Secretary of State, and under the great seal of the State of South Carolina on the 14th day of March, 1912.

8. "That on the first Monday in April, 1912, and the first Monday in May, 1912, days fixed by law for the opening of the books of registration for the registration of electors, the said W. L. Settlemeyer, B. L. Hoke and O. D. Hancock made demand upon the clerk of the Court of Cherokee county for the books and other records of registration and for the possession of said books and records in order that they might perform the duties of the said office to which they had been appointed and commissioned.

9. "That the said clerk of Court refused to deliver the books and other records of registration to the defendants, stating that he had already delivered on demand to the old board of supervisors of registration, to wit: R. H. Mitchell, J. A. Harris and W. I. Jones, the said books and records.

10. "That thereafter, no further demand was made by the defendants for the possession of said office or for its books and records, but it is admitted that the defendants remained ready and willing to perform the duties of said office.

11. "That the plaintiffs denied the right of the defendants to the possession of said office or of its books and records and denied their right to perform any of the duties pertaining to said office, but themselves continued in the possession of the said office and of its books and records, and discharged the duties of the same up to the commencement of this action, but have received no salary or remuneration for their services for the year 1912 or for so much of the year 1913 as has already expired, and that the defendant, A. W. Jones, as comptroller general, refuses to issue his warrant upon the State treasurer for the salary of the plaintiffs upon the ground that the defendants had been appointed to the office claimed by the plaintiffs.

12. "That on January 29th, during the session of the Senate and General Assembly in 1913, the Governor transmitted to the Senate the names of W. L. Settlemeyer, B. L. Hoke and O. D. Hancock, as appointees to the office of supervisor of registration for Cherokee county, and that during said session, being in executive session, the Senate acted upon said appointment and refused to approve and confirm the same.

13. "That at the time of the appointment of the defendant, B. L. Hoke, he was a member of the board of trustees of Blacksburg school district in Cherokee county, having been elected to that office under the act of the General Assembly establishing said school district before his appointment as supervisor of registration for Cherokee county; that thirty days before the general election in 1912, the defendant, W. L. Settlemeyer, was appointed to the office of commissioner of election for Cherokee county, S. C., and performed the duties of said office, and that on the first day of April, 1913, the said W. L. Settlemeyer was appointed as one of the board of regents of the State Hospital for the Insane, and entered upon the discharge of said duties.

14. "That the salary due to the legally constituted board of supervisors of registration for Cherokee county for 1912 is the sum of $100 each; and for the year 1913, $50 each.

15. "That the plaintiffs have, since February 19, 1910, been in possession of said office, performing the duties thereof. This admission is not to be construed as an admission by the defense that their possession of said office and the performance of the duties thereof was and is lawful since March 12, 1912.

16. "It is further admitted that the plaintiffs had knowledeg of the appointments of the defendants as supervisors of registration a few days after the said appointment, and before the first Monday in April, 1912; and they further had knowledge of the demand made upon the clerk of Court, as

custodian of the books and records, by the defendants on the first Monday in April and May, 1912."

These appointments were made under the following statute—Code 1912, section 202:

"Between the first day of January and the fifteenth day of March, eighteen hundred and ninety-eight, and between said dates in every second year thereafter, the Governor shall appoint, by and with the advice and consent of the Senate, if in session, and if not in session subject to its approval at its next session, subject to removal by the Governor for incapacity, misconduct or neglect of duty, three competent and discreet persons in each county, who shall be citizens and qualified electors thereof, and who shall be known as the board of registration of ———— county, whose duty it shall be to register and to conduct the registration of the electors who shall apply for registration in such county as herein required. Their office shall be at the county seat and they shall keep record of all their official acts and proceedings. Their term of office shall be for two years from the date of their appointment, and they shall continue in office until their successors shall have been appointed and shall qualify: *Provided,* That in case of a vacancy from any cause in the office of board of registration, the Governor shall fill such vacancy, by and with the consent of the Senate as aforesaid: *Provided,* That in the county of Pickens the said board of registration shall be elected at the general election of 1912, and every two years thereafter."

This section manifestly gave the Governor the right to appoint when the Senate was not in session and his appointees could hold under that appointment until it was confirmed by the Senate for two years from the date of the appointment, or the holding terminated by the Senate's failure to approve. This distinguishes this case from the magistrate's cases. The respondents had title to

the office from the day of their appointment until the Senate refused to approve their appointment, except that the defendant, Settlemeyer, forfeited his office on his acceptance of the office of commissioner of election. The defendant, Hoke, forfeited his office of trustee, but was eligible to the office of supervisor of registration. The right to compensation follows the title to office and it is ordered that the warrants do issue according to the time the parties held the office.